# IN THE COURT OF APPEALS OF IOWA

No. 22-0558
Filed September 27, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRIAN WAYNE BOYD,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Des Moines County, Mark Kruse,

Judge.


    Brian Boyd appeals the denial of his motion to suppress. **AFFIRMED.**


    R.A. Bartolomei of Bartolomei & Lange, P.L.C., Des Moines, for appellant.

    Brenna Bird, Attorney General, and Israel Kodiaga and Anagha Dixit,

Assistant Attorneys General, for appellee.


    Heard by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

In July 2019, a Des Moines County deputy sheriff sought a warrant to search a Burlington property owned by Brian Boyd. The deputy provided an affidavit that (1) described his experience and expertise investigating drug crimes; (2) described the property; (3) noted in 2012 that investigators found large quantities of drugs at Boyd's separate place of business; (4) stated investigators found drugs, large sums of money, and guns at the property in 2014; (5) stated since 2017 investigators received various anonymous tips about Boyd trafficking methamphetamine; (6) stated that, in January 2019, investigators interviewed Heather West who stated Boyd supplied her with methamphetamine, she had lived with him, she knew he was involved in drug trafficking, and she had seen a hidden room in his basement she believed he used to hide drugs, money, or guns; (7) stated that within the last forty-eight hours officers executed a controlled drug buy from an individual who went to Boyd's property about twenty minutes later, walked in as if he was expected at Boyd's property, then left about four to five minutes later, and "vehicles were parked in the driveway of Boyd's residence"; and (8) explained the individual's conduct of visiting Boyd's property after the controlled buy was consistent with various aspects of the drug trade.

A judge determined the warrant application established probable cause and granted the warrant. The ensuing search of the property turned up methamphetamine, a digital scale, and small baggies commonly used to package and distribute methamphetamine. The State charged Boyd with possession of methamphetamine with the intent to deliver, in violation of Iowa Code section 124.410(1)(b)(7) (2019), and a drug tax stamp violation, in violation of

section 453B.12. Boyd moved to suppress the evidence discovered in the search of his residence, claiming the search warrant was not supported by probable cause. The district court denied the motion. Boyd consented to a trial on the minutes, and the court found him guilty as charged. Boyd appeals, challenging the search warrant under both the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution.[1]

Reviewing Boyd's appellate brief, we distill his claims down to three points: (1) he asks us to overturn *State v. Groff*, 323 N.W.2d 204 (Iowa 1982) and revert to the test articulated in *State v. Boyd*, 224 N.W.2d 609, 616 (Iowa 1974) to review a claim that a search warrant application contained false information under article I, section 8 of the Iowa Constitution; (2) he contends the district court should have granted his request for a *Franks* hearing;[2] and (3) he claims that the search warrant application did not establish probable cause. As Boyd's claims are rooted in our constitutions, our review is de novo. *State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015).

First, we address Boyd's request we abandon the standard adopted in *Groff* to assess claims that a search warrant application contained false or misleading

---

[1] To the extent Boyd attempts to claim his *Miranda* rights were violated, he has waived any claim by failing to develop a supporting argument. *See State v. Tyler*, 867 N.W.2d 136, 166 n.14 (Iowa 2015), *State v. Vaughan*, 859 N.W.2d 492, 503 (Iowa 2015). Moreover, at oral argument, Boyd's counsel conceded the minutes on which Boyd was tried included no information gleaned from the pre-*Miranda* questioning of Boyd.

[2] *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978) (holding "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request").

information under article I, section 8 of the Iowa Constitution in favor of the standard previously set out in *Boyd*. With respect to article I, section 8, *Boyd* announced

> a rule permitting a defendant to inquire into the truth of the representations upon which a search warrant has been issued only upon a preliminary showing under oath that an agent or representative of the state has: (1) intentionally made false or untrue statements or otherwise practiced fraud upon the magistrate; or (2) that a material statement made by such agent or representative is false, *whether or not intentional*.

224 N.W.2d at 616 (emphasis added). Four years later, the Supreme Court issued *Franks* "and announced a more rigorous requirement for defendants in challenging the truthfulness of an affidavit" under the Fourth Amendment. *Groff*, 323 N.W.2d at 207. *Franks* held "a defendant could challenge the veracity of an affidavit by showing that the affiant: (1) intentionally and knowingly made a false statement, or (2) made a false statement with reckless disregard for the truth." *Id.* In *Groff*, in effort to harmonize the standards under the state and federal constitutions, our supreme court adopted the *Franks* standard to assess claims that a search warrant application contained false or misleading information under article I, section 8. *Id.* We cannot abandon the standard adopted by our supreme court in *Groff* in favor of a different standard. To do so would require us to overturn controlling precedent from our supreme court, which we cannot do.[3] *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court

---

[3] Boyd requested our supreme court retain his appeal and revert back to the standard set out in *Boyd*, but the supreme court transferred the case to this court instead.

precedent."). So we reject Boyd's request to abandon *Groff* and its adherence with the *Franks* standard.

Second, we address Boyd's claim that the district court should have granted his request for a *Franks* hearing. To warrant such hearing, the defendant must "make[] a *substantial preliminary showing* that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and "the allegedly false statement is necessary to the finding of probable cause." *Groff*, 323 N.W.2d at 208 (alteration in original) (quoting *Franks*, 438 U.S. at 155–56).

> To mandate an evidentiary hearing the challenger's [preliminary showing] must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehoods or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.

*Id.* (alteration in original) (emphasis omitted) (quoting *Franks*, 428 U.S. at 171).

Boyd claims the affidavit misled the issuing judge to believe West, the identified informant, was "a concerned citizen just trying to help law enforcement" when in fact West had been arrested and criminally charged with drug trafficking and could have been attempting to trade information in exchange for a favorable outcome in her own criminal proceedings. Boyd supported his assertion with a deposition of the deputy wherein the deputy admitted he believed West was likely subject to her own criminal proceedings and was unaware whether West had ever served as an informant in the past. Boyd contends the deputy's failure to include this information impacted the credibility of the information provided by West. He argues the omission of the information from the deputy's affidavit was misleading

to the point of amounting to a false statement in violation of *Franks* and *Groff*. Additionally, Boyd contends the affidavit was misleading because it failed to disclose Boyd was incarcerated in 2014 when investigators found drugs, guns, and money at his property. However, the deputy was not aware of Boyd's incarceration at that time. Boyd contends the deputy's failure to include that information and his failure to discover it amounted to a reckless disregard for the truth.

Despite Boyd's claims, we agree with the district court that Boyd failed to make the necessary showing to entitle him to a *Franks* hearing. Contrary to Boyd's assertions, he failed to make a preliminary showing that the deputy's affidavit included false statements or omissions of material fact and that he did so in an intentionally misleading manner or with a reckless disregard for the truth. "Omissions of fact constitute misrepresentations only if the omitted facts 'cast doubt on the existence of probable cause.'" *State v. Green*, 540 N.W.2d 649, 657 (Iowa 1995) (citation omitted). It was not necessary for the deputy to disclose West's checkered history and pending drug charges—the affidavit made clear West knew of Boyd's drug dealing because she got drugs from him, implicating her as an illegal drug user. As to the deputy not disclosing that Boyd was incarcerated during 2014 when investigators found the drugs in his home, the deputy had no reason to disclose that information because he didn't even know it. Certainly, the deputy could have checked around as to what Boyd was doing at that time, but his decision not to do so did not amount to a reckless disregard for the truth, nor does it cast doubt on the existence of probable cause. As Boyd failed

to establish the necessary preliminary showing, the district court properly denied his motion for a *Franks* hearing.[4]

Finally, we address Boyd's claim that the warrant was not supported by probable cause. "The test for probable cause is whether a person of reasonable prudence would believe a crime was committed on the premises to be searched or evidence of a crime could be located there." *State v. Bracy*, 971 N.W.2d 563, 567 (Iowa 2022) (internal quotation marks omitted) (quoting *State v. Baker*, 925 N.W.2d 602, 613 (Iowa 2019). That said, "we do not make an independent determination of probable cause; rather, we determine 'whether the issuing judge had a substantial basis for concluding probable cause existed.'" *Id.* (quoting *State v. McNeal*, 867 N.W2d. 91, 99 (Iowa 2015)). We review the information as it was presented to the judge and "do not strictly scrutinize the sufficiency of the underlying affidavit." *Id.* (quoting *McNeal*, 867 N.W.2d at 99). We review the affidavit of probable cause in a common sense manner rather than scrutinizing it in a hypertechnical manner. *Id.* "We draw all reasonable inferences to support the judge's finding of probable cause and decide close cases in favor of upholding the validity of the warrant." *Id.* (quoting *Baker*, 925 N.W.2d at 614).

Boyd attacks the deputy's probable cause affidavit from nearly all angles. In doing so, he separates each statement presented in an attempt to demonstrate no individual statement supports a finding of probable cause. "Perhaps, no single piece of information in the application would have sustained probable cause on its

---

[4] To the extent Boyd attempts to claim some other bases entitled him to a *Franks* hearing, those claims are not preserved for our review because he only raised these two bases before the district court.

own. But that is not required." *Id.* at 568. Instead we review all of the information together to determine whether it amounts to probable cause. *See id.*

Certainly the probable cause affidavit referenced events long since passed that would not provide probable cause standing alone. *See State v. Gogg*, 561 N.W.2d 360, 367 (Iowa 1997) (recognizing the basis for a warrant should not be remote in time). But here, long-past events provide context and help establish a pattern that reveals Boyd's deep connection with drug trafficking. Those long-past events, when viewed in conjunction with events from the prior six months, gave the issuing judge a substantial basis to find probable cause that Boyd's involvement in drug trafficking was not only in the past, but was still ongoing.

The warrant application paints a picture of an individual and property long involved in drug trafficking. It establishes Boyd kept drugs in his place of business seven years prior. Then it explains that, two years after that, investigators found drugs at the property that was the subject of the search warrant. Three years later anonymous sources started to implicate Boyd in drug trafficking (though no corroborating evidence was provided). Six months prior to the warrant, a named informant, West, outed Boyd as her drug supplier.[5] And about forty-eight hours before investigators sought the warrant, a known drug dealer visited Boyd less than half an hour after completing a drug sale in a manner the deputy described as consistent with drug trafficking. Individually, these facts could be discounted as stale, lacking a nexus connecting criminal activity to Boyd's property, or unreliable.

---

[5] To the extent Boyd argues the warrant did not comply with Iowa Code section 808.3 by not establishing West's credibility, he is entitled to no relief because section 808.3 only requires written credibility findings when the informant is unnamed. *See State v. Weir*, 414 N.W.2d 327, 331 (Iowa 1987).

But put together, they tip the scales in favor of determining the issuing judge had a substantial basis to find probable cause. *See Bracy*, 971 N.W.2d at 567 (recognizing "we do not make an independent determination of probable cause" and we "decide close cases in favor of upholding the validity of the warrant" (citations omitted)).

As we conclude the district court properly denied Boyd's request for a *Franks* hearing and the issuing judge had a substantial basis to find probable cause supporting the warrant, we affirm.

**AFFIRMED.**